## SEYMOUR CARPENTER v. THE HIGHWAY COMMISSIONERS AND CLERKS OF TOWNSHIPS OF WINDSOR, EATON COUNTY, AND OF DELHI, INGHAM COUNTY.

*Highways—Laying out town-line road—Certiorari.*

In this case a writ of *certiorari* to review the proceedings of highway commissioners in laying out a town-line road for *irregularities* in the proceedings was dismissed as improvidently granted, the Court holding that, while the law requires correctness in such proceedings, yet the action of the local authorities is apt to be a little careless, and, unless complaints are promptly made, expenses are incurred and steps taken to lay out and complete the highway for travel, whereby the whole neighborhood may become incommoded by subsequent interruption; and that where

there is no reason to suppose any wrong has been done in laying out such road, which the law contemplates will usually be done when settlements warrant it, it is not desirable to interfere by *certiorari*, if at all, after any needless delay, and after general action is likely to have been had in reliance on the legality of the road.

Certiorari to the highway commissioners and clerks of the townships of Windsor, Eaton county, and Delhi, Ingham county, to review proceedings for laying out a town-line road. Argued January 12, 1887. Writ dismissed, January 20, 1887, as improvidently granted. The facts are stated in the opinion.

*H. B. Carpenter,* for petitioner.

*H. F. Pennington,* for Windsor respondents.

*Huntington & Henderson,* for Delhi respondents.

CAMPBELL, C. J.   Plaintiff brings *certiorari* to review the proceedings laying out a road on the town line between Eaton and Ingham counties.   Several irregularities are set up, and it is admitted the records are not perfect.   But it is claimed the plaintiff shows no such equities as require this Court to intervene for his protection.

It appears that the application to the highway commissioners to lay out this road so as to connect with roads north and south was made in 1885, and notice given for the meeting, to be held November 10, 1885.   On that day they met and established the road, giving damages to various persons, including plaintiff, who was awarded $40.   On the 19th of November, 1885, B. H. Skinner appealed to the town boards, who, on December 3, 1885, affirmed the action of the commissioners.

Plaintiff shows by his petition for *certiorari* that he was personally served with a notice which informed him seasonably of the meeting of November, 1885, being only defective in not describing it as a joint meeting.   In December, 1885, he was also tendered an order payable in February, 1887, for

$40 damages, which he refused. On December 22, 1885, he was notified to remove his fences. He applied for the *certiorari*, April 29, 1886.

The petition does not show that plaintiff is at all damnified by the proceedings, or that the estimate of damages was too low, and it shows affirmatively that he had personal notice of the meeting. He relies entirely on technical objections.

While the law requires correctness in these proceedings, yet the action of the local authorities is very apt to be a little careless, and, unless complaints are promptly made, expenses are incurred and steps taken to lay out and complete the highways for travel, whereby the whole neighborhood may become incommoded by subsequent interruption. Where there is no reason to suppose any wrong has been done by laying out a town-line road, which it is contemplated by law will usually be done when settlements warrant it, we do not think it desirable to interfere by *certiorari*, if at all, after any needless delay, and after general action is likely to have been had in reliance on the legality of the road. We do not usually meddle with local administration for trifling reasons.

In the present case we think that no damage appears to have been done to plaintiff, and he has failed to act with any degree of diligence. There is no reason to doubt the fairness of the action complained of.

We shall therefore dismiss the writ as improvidently granted.

The other Justices concurred.